UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD PITTMAN,

    Plaintiff,                                   Case No. 15-13877
                                               Honorable Victoria A. Roberts

v.

PACIFICA LOAN POOL, LLC,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR
## SUMMARY JUDGMENT [Doc. 26] AND DISMISSING THE CASE

Howard Pittman ("Pittman") filed this case against Pacifica Loan Pool, LLC ("Pacifica"), alleging nine causes of action; all claims but one have been dismissed [*see* Docs. 16 and 28]. Pacifica now moves for summary judgment on that claim, which is for breach of contract. [Doc. 26]. The motion is fully briefed.

Pittman alleges Pacifica breached the underlying mortgage agreement by failing to pay the property taxes on his property for 2013 and 2014. Pacifica says it is entitled to summary judgment on this claim because Pittman breached the contract first by failing to pay monthly payments under the mortgage loan in August and September 2012. The Court agrees.

Summary Judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under Michigan law, a party "who commits the first substantial breach of a contract cannot maintain an action against the other contracting party for failure to

perform." *Chrysler Int'l Corp. v. Cherokee Exp. Co.*, 134 F.3d 738, 742 (6th Cir. 1998) (citations and internal quotation marks omitted). Whether a breach is "substantial" is the determining factor. "The Michigan Supreme Court has explained that a 'substantial breach' is one 'where the breach has effected such a change in essential operative elements of the contract that further performance by the other party is thereby rendered ineffective or impossible, such as the causing of a complete failure of consideration or the prevention of further performance by the other party.'" *Id.* (citation omitted).

Notwithstanding Pittman's unsupported statement to the contrary, there is no genuine dispute that he committed the first substantial breach by failing to make monthly payments in August and September 2011. Failing to make a monthly payment under a mortgage loan undoubtedly constitutes as a "substantial" breach. Failure to pay completely deprives the lender of its benefit under the agreement. In this case, it also prevented Pacifica from performing the obligation on which Pittman bases its breach of contract claim – i.e., paying his property taxes – because a portion of each payment made by Pittman is put in escrow for payment of property taxes. Because Pittman committed the first substantial breach of contract, he cannot maintain an action against Pacifica for failure to perform. *Chrysler Int'l*, 134 F.3d at 742.

Because no genuine issue of material fact exists and Pacifica is entitled to judgment as a matter of law, the Court **GRANTS** Pacifica's motion for summary judgment [Doc. 26] and **DISMISSES** the case.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 19, 2017

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 19, 2017.

s/Linda Vertriest
Deputy Clerk